**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3001-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DANIEL CROMARTIE,

    Defendant-Appellant.

_____

Submitted April 7, 2025 – Decided April 11, 2025

Before Judges Sabatino and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Accusation No. 09-01-0134.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the briefs).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (William Kyle Meighan, Supervising Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Daniel Cromartie appeals the trial court's March 29, 2023 denial of his petition for postconviction relief ("PCR") as time barred. We affirm.

The pertinent background can be stated succinctly. On January 23, 2009, defendant pled guilty to a fourth-degree offense of failing register as a sex offender and report his current address as he was required to do so by Megan's Law. On March 6, 2009, he was sentenced to a time-served period of thirty-six days in the county jail. Defendant did not appeal his conviction nor sentence.

Thirteen years later, defendant filed a PCR petition on August 25, 2022. Among other things, defendant alleged that he had not been advised at the time of his 2009 plea and sentencing that his reporting obligations under Megan's Law would be extended for a longer period due to his conviction.

The State opposed the petition as untimely, as it was filed well past the five-year deadline specified by Rule 3:22-12(a)(1). The State asserted that defendant failed to demonstrate "excusable neglect" to justify relaxation of the five-year deadline. R. 3:22-12(a)(1)(A). The State further argued that defendant had not proven, as the relaxation provision also requires, a "reasonable probability that if defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." Ibid. The

State also represented that little of its physical case file had been retained since the time of the 2009 proceedings, and that it would be severely prejudiced if the PCR petition were now litigated on its merits.

Defendant countered that he allegedly was not told at time of his plea and sentencing of the five-year deadline for a PCR petition. He further maintained that he had reading comprehension and verbal disabilities at the time of plea and that those conditions continue to the present. Defendant provided no substantiation of those purported conditions.

After hearing oral argument, the PCR judge dismissed the petition as time-barred, being well beyond the five-year deadline of Rule 3:22-12. The judge issued a ten-page written opinion detailing his analysis.

In particular, the judge found no excusable neglect to overcome the five-year bar. The judge underscored the absence of medical records or reports to support defendant's claim of disabilities, rendering that claim to be merely "bald assertions." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The judge further noted that defendant had not presented any "compelling, extenuating circumstances" to meet his burden to excuse the thirteen-year delay. State v. Mitchell, 126 N.J. 565, 580 (1992). In that regard, the judge observed that, as of the time of defendant's sentencing in 2009, there were no

administrative directives then in place requiring the trial court or counsel to advise defendants of the five-year PCR filing deadline.

On the other hand, the judge recognized the "lengthy timespan of thirteen years is highly prejudicial against the State," noting the "fading recollections of witnesses of defendant's address more than a decade ago." The judge discerned no fundamental injustice to enforcing the five-year time bar, particularly given the "very favorable result" achieved by defendant's former defense counsel in convincing the court to impose a thirty-six-day, time-served county jail sentence instead of the nine months in state prison sought by the prosecutor.

On appeal, defendant argues:

> POINT ONE
>
> THE PCR COURT ERRED IN DEPRIVING MR. CROMARTIE OF THE OPPORTUNITY TO BRIEF AND ORALLY ARGUE HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO ADVISE HIM ABOUT THE PAROLE SUPERVISION CONSEQUENCES OF HIS PLEA.
>
> POINT TWO
>
> THE PCR COURT ERRONEOUSLY RULED THAT MR. CROMARTIE'S PETITION WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE

4

DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

POINT THREE

EVEN BASED ON THE LIMITED EVIDENCE PRESENTED, MR. CROMARTIE IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO ADVISE HIM ABOUT THE PAROLE SUPERVISION CONSEQUENCES OF HIS PLEA. (The PCR court deprived Mr. Cromartie of the opportunity to present his substantive claim).

Having considered these arguments in light of the record and the applicable legal principles, we affirm the PCR court's decision, substantially for the reasons detailed in the March 29, 2023 written opinion of Judge Guy P. Ryan. We have nothing to add to the judge's cogent legal analysis and his thoughtful application of Rule 3:22-12. There was no need for an evidentiary hearing in the circumstances presented. State v. Preciose, 129 N.J. 451, 462 (1992).

To the extent we have not addressed them explicitly, all other points raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3001-22